# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-00783 MMM (RCx) | Date | February 11, 2010 |

| | |
|---|---|
| Title | *Your Personal Assistant, LLC v. T-Mobile USA, Inc.* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| | |
|---|---|
| ANEL HUERTA | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order to Show Cause Why Action Should Not Be Remanded For Lack Of Subject Matter Jurisdiction**

On December 8, 2009, plaintiff Your Personal Assistant, LLC filed a complaint in Los Angeles Superior Court against defendant T-Mobile USA, Inc., alleging claims for tortious interference with contract, negligent interference with prospective economic advantage, intentional interference with prospective economic advantage, and unfair competition.

Defendant was served with summons and complaint on January 4, 2010, and removed the action to this court on February 3, 2010, asserting that the case fell within the court's diversity jurisdiction under 28 U.S.C. § 1332. Defendant alleges that the amount in controversy exceeds $75,000, and that there is complete diversity of citizenship. Specifically, it asserts that it is a Delaware corporation with its principal place of business in Washington, and that plaintiff is incorporated in Nevada with its principal place of business in California. Plaintiff, however, is a limited liability company, and defendant does not allege the citizenship of all of plaintiff's members.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus*

*v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhard v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Federal courts have subject matter jurisdiction over suits between citizens of different states where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The Ninth Circuit treats limited liability corporations like partnerships for purposes of diversity jurisdiction. See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits treating LLCs like partnerships). Thus, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*; see also *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co*, 299 F.3d 643, 652 (7th Cir. 2002) (explaining that "the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); *Handelsman v. Bedford Village Assocs., Ltd Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership").

Defendant's notice of removal and plaintiff's complaint allege that Your Personal Assistant, LLC is a Nevada company with its principal place of business in California. The complaint does not allege the citizenship of any of the individual members of the LLC. Defendant alleges in its notice of removal that it is a Delaware company with its principal place of business in Washington. Consequently, the court is unable to determine whether there is complete diversity of citizenship between plaintiff and defendant.

The court therefore orders defendant to show cause, on or before **February 22, 2010,** why this action should not be remanded for lack of subject matter jurisdiction. Defendant's response should include a showing of the citizenship of all members of the plaintiff LLC. Plaintiff may file a responsive pleading on or before **March 1, 2010.**